IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DORA SCHWARTZ, ET AL.,

            Plaintiffs,            11cv0489
                                     **ELECTRONICALLY**
      v.                           **FILED**

VICTORY SECURITY AGENCY, LP,

            Defendant.

## **MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS**
(Doc. No. 6)

### *I. Introduction*

Presently before this Court is Defendant's Motion to Dismiss Plaintiffs' Complaint.[1] Doc. No. 6. The Court has reviewed Plaintiffs' Complaint (Doc. No. 1), Defendant's Motion to Dismiss (Doc. No. 6) and Brief in Support Thereof (Doc. No. 7), and Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss (Doc. No. 14). For the reasons that follow, Defendant's Motion to Dismiss will be granted.

### *II. Factual Background*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, at this stage the Court accepts all of the factual allegations in the Complaint as true and all reasonable inferences are drawn in Plaintiffs' favor. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Therefore, the facts of the case are as follows:

---

[1] The Court has subject-matter over this matter pursuant to 29 U.S.C. § 216(b) and jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

Plaintiffs and the Class members were or are currently employees of Defendant. Doc. No. 1 ¶ 8. Throughout the relevant time period, Defendant expected Plaintiffs "to be available to work before commencement of their shift, during their promised meal break and after completion of their assigned shift for work-related tasks." *Id.* at ¶ 17. Plaintiffs performed pre-shift work including: receiving pass down instructions, checking equipment, reviewing post orders, collecting schedules, meeting with supervisors, guarding, monitoring, patrolling, inspecting, and surveying. *Id.* at ¶ 19. Plaintiffs regularly performed post-shift work that included: preparing logs and event reports, collecting schedules, meeting with supervisors and providing pass down instructions. *Id.* at ¶ 29. Such work was undertaken by Plaintiffs for approximately 15-30 minutes of pre-shift work each day and 15 minutes to two hours of post-shift work per week. *Id.* at ¶¶ 26, 36. Defendant knew that such work was regularly performed because "Defendant's agents regularly encouraged, instructed, suffered and permitted" Plaintiffs to perform this work and observed them doing so. *Id.* at ¶¶ 22, 31.

Plaintiffs did not receive full compensation for the pre-shift and post-shift work that they performed because Defendant's timekeeping and pay practices improperly placed the burden on Plaintiffs. *Id.* at ¶ 23, 33. Defendants also failed to implement any rules, systems or procedures to prohibit Plaintiffs from performing such work or to ensure that they were properly paid for such work. *Id.* at ¶ 24, 34.

Defendant also maintained a policy and practice that required Plaintiffs to maintain a professional appearance in the work place. *Id.* at ¶ 39. Plaintiffs were given fewer work uniforms than the number of shifts they worked each week. *Id.* at ¶ 40. As such, Plaintiffs were required "to clean and maintain their work uniforms including: shirts, trousers, socks, shoes, belts, hats, ties, jackets, weapons, tools and other items, in good and presentable condition."

("uniform maintenance work") *Id.* at ¶ 41. Plaintiffs performed one to two hours of uniform maintenance work each week at home. *Id.* at ¶ 49. Plaintiffs were routinely not paid for the time they performed uniform maintenance work because they could not perform the tasks during their shifts and because Defendant's time keeping and pay policies improperly placed the burden on Plaintiffs and Defendants routinely failed to record such time. *Id.* at ¶ 42-43, 46.

As a result of pre-shift and post-shift work as well as uniform maintenance work, Defendant improperly retained money that should have been paid to Plaintiffs as wages. *Id.* at ¶ 51.

### III. Legal Standard

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 554 and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit, recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint

3

and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, ---- F.3d -----, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id*.; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

The Court may not dismiss a Complaint (or Counterclaim) merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint (or Counterclaim) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009). In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

This Court has reviewed Defendant's Motion to Dismiss (Doc. No. 6) based upon this standard of review.

### IV. Discussion

In support of its Motion to Dismiss, Defendant alleges that Plaintiffs' Complaint: 1) fails to identify any specific factual allegations to support its contention that Defendant had any policy or practice requiring employees to perform pre-shift and/or post-shift work and 2) cannot make a

4

Fair Labor Standards Act ("FLSA") claim for "uniform maintenance work" because such activities are not "integral and indispensible" to a "principal activity" as required by the Portal to Portal Act, 29 U.S.C. § 254. Doc. No. 7.

### A. *Pre-Shift and Post-Shift Work*

To state a claim for unpaid overtime wages under the FLSA, "a plaintiff must allege that: (1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) he was an 'employee' as defined by the FLSA; and (3) he worked more than forty hours in a week but was not paid overtime compensation for the hours worked in excess of forty." *Mell v. GNC Corp.*, 2010 U.S. LEXIS 118938, at *15 (W.D. Pa. Nov. 9, 2010) (Standish, J.). The first two criteria are not in dispute and Defendant's main argument is that Plaintiffs have not pled sufficient facts to support a claim for unpaid overtime pre- or post-shift work.

Defendant contends that Plaintiffs' claim for pre-shift and post-shift work should be dismissed because Plaintiffs have "failed to assert any factual allegations to support its conclusory statements that Victory had a policy or practice requiring their employees to perform pre-shift and post-shift work for which they were not paid." Doc. No. 7, 5. The Court notes that the United States Court of Appeals for the Third Circuit has not explicitly addressed how precisely the third element must be alleged in the Complaint. *See Mell*, 2010 U.S. Dist. LEXIS 118938, at * 15.

Here, taking Plaintiffs' factual allegations as true, Defendants "knew that Plaintiffs and the Class members . . . regularly performed pre-shift (and post-shift) work because Defendant's agents regularly encouraged, instructed, suffered, and permitted Plaintiffs and the Class members to perform this work and observed this work being performed on a regular basis." Doc. No. 1, ¶ 21.

5

However, beyond Plaintiffs' inconsistent allegations regarding Defendant's time keeping practices and procedures, Plaintiffs do not detail how Defendant's failed to compensate them for pre- and post-shift work. Plaintiffs first contend that Defendant "routinely failed to record all of the time Plaintiffs and Class members" spent on pre- and post-shift work. Doc. No. 1 ¶ 20, 30. However, they also inconsistently allege that "Defendant's timekeeping and pay practices improperly placed the burden on Plaintiffs and Class members to ensure that their" pre- and post-shift work was properly recorded. Id. at ¶ 23 and 34. Such allegations are inconsistent and do not sufficiently detail how Defendant's time keeping practices violated the FLSA. Therefore, Defendant's Motion to Dismiss will be granted as to Plaintiffs' claims for unpaid pre- and post-shift work. Because Plaintiffs' claim could possibly be cured with further factual allegations, the claim will be dismissed without prejudice.

### B. *Uniform Maintenance Work under the FLSA*

The FLSA requires that employees are paid for all hours worked, including overtime for any hours worked over 40 in a workweek. *See* 29 U.S.C. §§ 206-207. Plaintiffs allege that Defendant maintained policies and practices that required them to clean and maintain their uniform ("uniform maintenance work") for approximately one to two hours a week. Doc. No. 1, ¶¶ 39-41, 49. Plaintiffs further allege that Defendant knew that Plaintiffs performed such work and that they were not compensated for the time. Doc. No. 1, ¶ 45. Defendants contend that Plaintiff's fail to state a claim for "uniform maintenance work" because such claims are barred by the Portal to Portal Act. Doc. No. 7, 9-14.

The Portal to Portal Act provides certain exclusions for which an employer is not required to compensate an employee under the FLSA. Such pertinent exceptions are identified as follows:

> (a) Activities not compensable
>
> > Except as provided in subsection (b) of this section, no employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities . . . .
> >
> > > (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> > >
> > > (2) activities which are preliminary to or postliminary to said principal activity or activities,
> >
> > which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a).

The United States Supreme Court has defined preliminary and postliminary activities as those which are not "an integral and indispensible part of the principal activities." *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956). Defendant argues that Plaintiffs' allegations of uncompensated "uniform maintenance work" are preliminary and postliminary activities and therefore, Plaintiffs claim for relief from such activities should be dismissed. Doc. No. 7, 9-14.

The Court notes that there is no identifiable United States Court of Appeals for the Third Circuit case law which indicates whether "uniform maintenance work" are "integral and indispensable" duties under the FLSA. The Court finds the analogous factual circumstances and reasoning in *Musticchi v. City of Little Rock, Ark.*, 734 F. Supp. 2d 621, 630-32 (E.D. Ark. 2010) to be persuasive. The following paragraph is especially persuasive:

> The Second Circuit has recognized that "indispensable is not synonymous with integral. Indispensable means necessary . . . . Integral means, *inter alia*, essential to completeness; organically joined or linked composed of constitutes parts

making a whole." *Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 592 (2d Cir. 2007)(internal quotations and citations omitted). The court added that "[s]harpening the knife is integral to carving a carcass, *Mitchell v. King Packing Co.*, 350 U.S. 260, 263 (1956); powering up and testing an x-ray machine is integral to taking x-rays, *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 707 (2d Cir. 2001); and feeding, training and walking the dog is integral to the work of a K-9 officer, *Reich v. N.Y. City Transit Auth.*, 45 F.3d 646 (2d Cir. 1995)." *Id.* Relying on *Gorman*, the Ninth Circuit in *Bamonte* stated that if "an activity is indispensable [it] does not necessarily mean that the activity is integral to the work performed." *Bamonte*, 598 F.3d at 1232. Thus, if an activity is not essential to complete the employee's principal task the employee is not entitled to compensation for the activity pursuant to the Portal-to-Portal Act.

Here, as in *Musticchi*, 734 F. Supp. 2d 621 at 631, while Plaintiffs may have been required to wear and therefore maintain their uniforms, such actions were not integral and indispensible to Plaintiffs' principal activity, providing security. As such, Defendant's Motion to Dismiss Plaintiffs' claim for uniform maintenance will be granted. Because this claim cannot be cured with further factual allegations, amendment of this claim would be futile and therefore this claim will be dismissed with prejudice.

### V. Order

AND NOW, for the reasons set forth in this Memorandum Order filed this 14th day of June 2011, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Doc. No. 6) will be **GRANTED**.

Plaintiffs' claims for unpaid pre-shift and post-shift overtime are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs shall have until June 29, 2011 to file an Amended Complaint as to these claims pursuant to Federal Rule of Civil Procedure 15(a)(2).

Plaintiffs' claim for unpaid uniform maintenance is **DISMISSED WITH PREJUDICE**.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties