IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DORA SCHWARTZ, ET AL.,

           Plaintiffs,                        11cv0489

                                            **ELECTRONICALLY**
      v.                                   **FILED**

VICTORY SECURITY AGENCY, LP,

           Defendant.

## MEMORANDUM ORDER OF COURT RE. PLAINTIFFS' MOTION FOR LEAVE TO TAKE AN INTERLOCUTORY APPEAL (Doc. No. 18)

On June 14, 2011, this Court entered an Order granting Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. No. 6) and dismissing all of Plaintiffs' claims, except for "uniform maintenance work", without prejudice for Plaintiffs to file an Amended Complaint on or before June 29, 2011. Doc. No. 16. By the same Order, Plaintiffs' claim for uniform maintenance work was dismissed with prejudice. *Id.*

Presently before this Court is Plaintiffs' Motion for Leave to Take an Interlocutory Appeal of the Dismissal of the Uniform Maintenance Claim.[1] Doc. No. 18. Plaintiffs request that the previous Order granting Defendant's Motion to Dismiss be amended, pursuant to 28 U.S.C. § 1292, to add language indicating that there is "substantial ground for difference of opinion" as to whether uniform maintenance work is barred by the Portal to Portal Act and therefore, that "an immediate appeal therefrom will materially advance the disposition of this litigation." Doc. No. 18-1. This Court is vested with the discretion to grant or deny certification

---

[1] The Court ordered that any response to Plaintiffs' Motion for Leave to Take an Interlocutory Appeal be filed on or before noon on June 28, 2011. Text Order of Court June 20, 2011. No response has been filed.

for interlocutory appeal. 28 U.S.C. 1292(b). Such exercise of discretion is not reviewable by the United States Court of Appeals. *Pfizer, Inc. v. Lord*, 522 F.2d 612 (8th Cir. 1975).

The Court finds that its Memorandum Opinion applied the Portal to Portal Act in the present case based upon the specific factual circumstances of this case and that such resultant findings would not contribute to the determination, at an early stage, of a wide range of cases. Therefore, the specific issue in the present case, decided on factual determinations, is not appropriate for interlocutory review. *See Link v. Mercedes-Benz of North America*, 550 F.2d 860 (3d Cir. 1977), cert. den., 431 U.S. 933.

AND NOW, this 29th day of June, 2011, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Take Interlocutory Appeal (Doc. No. 18) is **DENIED**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties