IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DORA SCHWARTZ, ET AL.,

          Plaintiffs,

v.

VICTORY SECURITY AGENCY, LP,

          Defendant.

11cv0489
**ELECTRONICALLY FILED**

## **MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS**
(Doc. No. 6)

### *I.     Introduction*

Presently before this Court is Defendant's Renewed Motion to Dismiss Plaintiffs' Complaint.[1]  Doc. No. 22.  The Court has reviewed Plaintiffs' Amended Complaint (Doc. No. 20), Defendant's Renewed Motion to Dismiss (Doc. No. 22) and Brief in Support Thereof (Doc. No. 23), and Plaintiffs' Brief in Opposition to Defendant's Renewed Motion to Dismiss (Doc. No. 24).  For the reasons that follow, Defendant's Renewed Motion to Dismiss will be denied.

### *II.    Factual Background*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, at this stage the Court accepts all of the factual allegations in the Amended Complaint as true and all reasonable

---

[1] On June 14, 2011, this Court granted Defendant's First Motion to Dismiss and dismissed Plaintiffs' claim for uniform maintenance work with prejudice.  Plaintiffs' claims for pre-shift and post-shift work were dismissed without prejudice for Plaintiffs to file an Amended Complaint.  Doc. No. 16.  An Amended Complaint was filed on June 29, 2011.  Doc. No. 20. Defendant filed a Renewed Motion to Dismiss on July 13, 2011.  Doc. No. 22.  Defendant's Renewed Motion to Dismiss attempts to have Plaintiffs' remaining claims dismissed for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6).  Doc. No. 23.

inferences are drawn in Plaintiffs' favor. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Therefore, the facts of the case are as follows:

Plaintiffs and the Class members were or are currently employees of Defendant. Doc. No. 20 ¶¶ 5-6. Throughout the relevant time period, Defendant expected Plaintiffs "to be available to work before commencement of their shift, during their promised meal break and after completion of their assigned shift for work-related tasks." *Id.* at ¶ 17. Plaintiffs performed pre-shift work including: receiving pass down instructions, checking equipment, reviewing post orders, collecting schedules, meeting with supervisors, guarding, monitoring, patrolling, inspecting, and surveying. *Id.* at ¶¶ 10(a), 19. Plaintiffs regularly performed post-shift work that included: preparing logs and event reports, collecting schedules, meeting with supervisors and providing pass down instructions. *Id.* at ¶¶ 10(b), 29.

Such work was undertaken by Plaintiffs for approximately 15-30 minutes of pre-shift work each day and 15 minutes to two hours of post-shift work per week. *Id.* at ¶¶ 26, 36. Defendant knew that such work was regularly performed because it was performed "on Defendant's premises, in plain sight, and at their managers' request." Id. at ¶ 33. Defendant's agents also "regularly encouraged, instructed, suffered and permitted" such work to be undertaken. Id. at ¶¶ 22, 32. The work routinely went unrecorded because Defendant typically required Plaintiffs and Class members to arrive at work before their scheduled shift start time, and then suffered or permitted them to perform pre-shift work on an off-the-clock basis before signing in for the day and required post-shift work to be performed after their scheduled shift ended. *Id.* at ¶¶ 21, 31. Defendant failed to implement rules or procedures to prohibit pre-and post-shift work being performed and did not ensure that the Plaintiffs and Class members were properly paid for pre-shift and post-shift work. Id. at ¶¶ 24, 34.

Plaintiffs and class members have been harmed because they have been deprived of wages owed for work they performed and "from which Defendant derived a direct and substantial benefit." Doc. No. 20, ¶¶ 18, 37.

### III. Legal Standard

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 554 and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit, recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id.* at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id.* This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, ---- F.3d -----, 2011 WL 2044166, at *2 (3d Cir. May 26, 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the

3

claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id*.; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

The Court may not dismiss a Complaint (or Counterclaim) merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint (or Counterclaim) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009). In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

This Court has reviewed Defendant's Renewed Motion to Dismiss (Doc. No. 22) based upon this standard of review.

### IV. *Discussion*

In support of its Renewed Motion to Dismiss, Defendant alleges that Plaintiffs' Amended Complaint: 1) does not allege sufficient facts to state a plausible claim for relief regarding pre-shift and post-shift work and (2) fails to allege sufficient facts that Defendant's violation of the FLSA was willful to trigger the three year statute of limitations. Doc. No. 23.

#### A. *Pre-Shift and Post-Shift Work*

To state a claim for unpaid overtime wages under the FLSA, "a plaintiff must allege that: (1) the defendant was 'engaged in commerce' as that phrase is defined by the FLSA; (2) he was an 'employee' as defined by the FLSA; and (3) he worked more than forty hours in a week but

was not paid overtime compensation for the hours worked in excess of forty." *Mell v. GNC Corp.*, 2010 U.S. LEXIS 118938, at *15 (W.D. Pa. Nov. 9, 2010) (Standish, J.). The first two criteria are not in dispute and Defendant's main argument is that Plaintiffs have not pled sufficient facts to support a claim for unpaid overtime pre-shift or post-shift work.

Plaintiffs' Amended Complaint added the following paragraphs:

> The pre-shift work performed by Plaintiffs and the Class members routinely went unrecorded because Defendant typically required Plaintiffs and the Class members to arrive at work before their scheduled shift start time, and then suffered or permitted them to perform pre-shift work on an off-the-clock-basis before signing in for the day.

Doc. No. 20, ¶ 21.

> The post-shift work performed by Plaintiffs and the Class members routinely went unrecorded because Defendant typically required Plaintiffs and the Class members to sign out for the day at their scheduled shift end time, regardless of whether they had completed their work, and then suffered or permitted them to perform post-shift work on an off-the-clock-basis before leaving the job site.

Doc. No. 20, ¶ 31.

Defendant argues that these additions have not cured the original Complaint's defect because there are no factual allegations to "support its conclusory statements that Victory had a policy or practice requiring their employees to perform pre-shift and post-shift work for which they were not paid." Doc. No. 23, 6. Plaintiffs contend that they have cured the only defects identified by this Court in its previous Memorandum Opinion, and therefore, that the Renewed Motion to Dismiss should be denied.

This Court again notes the absence of specific guidance from the United States Court of Appeals for the Third Circuit on the specificity required to plead the third element of a FLSA claim. However, under the applicable Motion to Dismiss standard, despite Defendant's contention that Plaintiff's Amended Complaint does not contain sufficient factual averments relating to how Defendant allegedly cause Plaintiffs to perform pre-shift and post-shift work, this

5

is not the case. Plaintiffs' Amended Complaint alleges that Defendant had a policy or practice requiring them to perform uncompensated overtime work, typically requiring Plaintiffs to perform pre-shift work "off-the-clock" before their scheduled start time and to sign out for the day at their scheduled shift end time and then perform post-shift work on an "off-the-clock basis." Such factual averments combined with details of how much pre-shift and post-shift work was performed and what kind of work was performed, although not as factually detailed as the Court may wish, is enough to survive a Motion to Dismiss because Plaintiffs have established a "plausible claim for relief."

### B. *Willfulness under the FLSA*

Unless the alleged violation was "willful," claims under the FLSA must be filed within two years. 29 U.S.C. § 255(a), *Abulkhair v. PPI/Time Zero, Inc.*, 2010 U.S. App. LEXIS 22205, * 2 (3d Cir. 2010). "Willful" violations may be filed within three years after the cause of action accrues. *Id.*

Plaintiffs filed their Complaint on April 12, 2011, based upon actions that allegedly began on April 14, 2008. Doc. No. 1, ¶ 9. Therefore, to be timely within the applicable three year statute of limitations, Plaintiffs must have alleged facts, which when taken as true, demonstrate that Defendant's actions were "willful." 29 U.S.C. § 255(a). According to the United States Supreme Court, a violation is "willful" if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the plain language of the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Plaintiffs' Amended Complaint gives adequate notice of their claims for uncompensated overtime in willful violation of the FLSA. Plaintiffs have alleged that the Defendant "willfully violated the FLSA by knowingly suffering or permitting Plaintiffs and the Class members to

spend time engaged in pre-shift (and post-shift) work for which Defendant did not properly pay all required wages." Doc. No. 21, ¶ 21, 25. Specifically, Plaintiffs allege that Defendants knew that they were regularly performing pre-and post-shift work and encouraged such work by requiring them to perform tasks before and after scheduled shift start times. Id. Therefore, based upon Defendant's alleged knowledge and enticement of Plaintiff's pre-shift and post-shift work, Plaintiff may be entitled to relief for Defendant's willful violation of the FLSA and the original Complaint may not be time-barred. *See also Burroughs v. MGC Servs.*, 2009 U.S. Dist. LEXIS 29700, * 18 (W.D. Pa. Apr. 7, 2009) (Standish, J.)("Whether there has been a willful violation of the [FLSA] from which the [Equal Pay Act] is derived, is a question of fact to be determined by the fact finder by examining the evidence at trial.") quoting *Mavrinac v. Emergency Medicine Assoc. of Pittsburgh*, No. 04-1880, 2007 U.S. Dist. LEXIS 73526, at * 9 (W.D. Pa. Oct. 2, 2007) (Fischer, J.).

## V. Order

AND NOW, for the reasons set forth in this Memorandum Order filed this 25th day of July 2011, IT IS HEREBY ORDERED that Defendant's Renewed Motion to Dismiss (Doc. No. 22) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties